UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR COPE, | No. 2:13-cv-0930 KJN P |
| Plaintiff, | |
| v. | ORDER |
| USHA PAI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4      The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18  1227.
19      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
28  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

3  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

4  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5       Here, plaintiff contends that he injured his left toe and leg, but that he was denied "basic

6  emergency medical care," and was denied "immediate access to his primary care physician."

7  (ECF No. 1 at 3.)  Plaintiff states that it was later discovered that plaintiff sustained a serious

8  sprain and broken left toe.  Plaintiff contends that defendant Dr. Pai "did not follow the

9  conventional standards of medical [care]," and plaintiff "suffered unnecessarily."  (Id.)

10       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

11  must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

12  1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).)  The two prong test

13  for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

14  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

15  or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

16  was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050,

17  1059 (9th Cir. 1992).)  Deliberate indifference is shown by "a purposeful act or failure to respond

18  to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439

19  F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.)  In order to state a claim for violation of the

20  Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named

21  defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health. . . ."  Farmer v.

22  Brennan, 511 U.S. 825, 837 (1994).

23       In applying this standard, the Ninth Circuit has held that before it can be said that a

24  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

25  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

26  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

27  Estelle, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in diagnosing or

28  treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations as to defendant Pai, without more, constitute mere negligence, which does not rise to the level of deliberate indifference. In addition, plaintiff included no charging allegations as to the remaining defendants.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, on June 18, 2013, plaintiff filed a letter claiming that "the respondent" brought up the issue of time constraints, and stating that due to circumstances beyond his control, he is still awaiting the third level of response to exhaust all of his administrative remedies. (ECF No. 5 at 1.) Plaintiff argues that the issue of time should be flexible, and seeks "relief from this arbitrary time limit." (Id.)

It is unclear whether plaintiff intended this filing for this case. In the complaint, plaintiff marked the box affirmatively stating that the grievance process was completed. (ECF No. 1 at 2.) Moreover, no defendant has yet been served, so it is unclear to what "respondent" plaintiff refers. However, court records for the Eastern District reflect no other cases on file for plaintiff.

Thus, to the extent plaintiff seeks a court order granting him an extension of time in which to exhaust administrative remedies in connection with the claims raised herein, the court is unable to grant such an extension. Exhaustion of administrative remedies in prisoner cases covered by 42 § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. In other words, plaintiff must have received his third level review decision prior to filing in federal court. To the extent plaintiff is concerned about expediting his claims, plaintiff is advised that his failure to first exhaust his claims before filing in federal court will only further delay such claims. Therefore, plaintiff's request for an extension of time is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

////

5

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion for extension of time (ECF No. 5) is denied.

**Date:  6/21/2013**

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cope0930.14

1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  WILBUR COPE,                           No. 2:13-cv-0930 KJN P
12           Plaintiff,
13       v.                                NOTICE OF AMENDMENT
14  USHA PAI, et al.,
15           Defendants.
16
17       Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19       _____        Amended Complaint
20  DATED:
21
22                                         _____
                                           Plaintiff
23
24
25
26
27
28