UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR COPE, | No. 2:13-cv-0930 KJN P |
| Plaintiff, | |
| v. | ORDER |
| USHA PAI, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding without counsel. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). By order filed June 24, 2013, plaintiff's complaint was dismissed, and plaintiff was granted leave to file an amended complaint. On July 25, 2013, plaintiff filed a handwritten letter that is largely illegible. Plaintiff state he was housed in administrative segregation and did not have access to a typewriter.[1] (ECF No. 12 at 1.) Attached to the letter is a copy of plaintiff's typed memo to "Parties concerned, Law firms - Legal assistance." (ECF No. 12 at 2.) Plaintiff also provided copies of letters he wrote to prospective lawyers.

    It appears that plaintiff seeks appointment of counsel. Plaintiff's request is premature. At present, no operative complaint is on file, and the court is unable to evaluate whether plaintiff can

---

[1] Plaintiff is advised that his filings are not required to be typewritten; however, if he submits documents in handwriting, they must be legible.

1

state a cognizable civil rights claim[2] or determine whether appointment of counsel is appropriate. Moreover, review of the exhibits provided by plaintiff reveals that plaintiff may not have exhausted his administrative remedies prior to filing the instant action. In two of the letters plaintiff wrote to prospective counsel on May 3, 2013, and May 22, 2013, plaintiff concedes that he was still waiting for the third level appeal response. (ECF No. 12 at 6-7.)

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The instant action was filed on May 10, 2013. Thus, if plaintiff did not receive his third level appeal response before May 10, 2013, he did not exhaust his remedies prior to filing in federal court, and his claims are subject to dismissal based on his failure to exhaust administrative remedies before he filed his complaint in federal court. Plaintiff is granted an opportunity to voluntarily dismiss his action, or, in the event he did exhaust his administrative remedies prior to filing the instant action, he is granted an extension of time to file an amended complaint that complies with this court's June 24, 2013 order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel (ECF No. 12) is denied;

---

[2] In the memo attached to plaintiff's letter, plaintiff refers to medical malpractice. (ECF No. 12 at 2.) However, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Therefore, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

2. Plaintiff is granted thirty days in which to file either a notice of voluntary dismissal or an amended complaint that complies with this court's June 24, 2013 order; and

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action.

Dated: September 3, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cope930.eot